IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN BLEVINS,

      Plaintiff,               No. 2:11-cv-3475 KJN P

      vs.

THE STATE OF CALIFORNIA, et al.,

      Defendants.       ORDER

                      /

      Plaintiff is confined in Atascadero State Hospital, and is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

1

1  granted, or that seek monetary relief from a defendant who is immune from such relief.
2  28 U.S.C. § 1915A(b)(1),(2).
3        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
7  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
10 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably
11 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
12 1227.
13       Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and
14 plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
15 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic
16 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
17 (1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more
18 than "a formulaic recitation of the elements of a cause of action;" it must contain factual
19 allegations sufficient "to raise a right to relief above the speculative level."  Id.  However,
20 "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair
21 notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551
22 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal
23 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept
24 as true the allegations of the complaint in question, id., and construe the pleading in the light
25 most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other
26 grounds, Davis v. Scherer, 468 U.S. 183 (1984).

Plaintiff alleges that on March 11, 2010, transportation officer defendant Marin was speeding, 75 mph in a 55 mph zone, and driving recklessly, when the van drifted off the road, fish-tailed, then flipped over, trapping plaintiff in the vehicle for over an hour.  Plaintiff alleges he had to be cut out from the van, and was then airlifted to a trauma center for neck and back injuries.

First, in his complaint plaintiff named the State of California and the California Department of Corrections and Rehabilitation as defendants.  The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  In the instant case, the State of California and the California Department of Corrections and Rehabilitation have not consented to suit.  Accordingly, plaintiff's claims against these defendants are not appropriate and plaintiff should not include these claims in any amended complaint.

Second, although plaintiff names Brian Edwards as a defendant, plaintiff included no charging allegations as to this defendant.  Plaintiff only identified Edwards as a CDCR employee.  Plaintiff is advised that he must include factual allegations as to each individual named as a defendant.

Third, plaintiff does not identify the constitutional violation or federal claim that plaintiff is pursuing.  It is unclear whether plaintiff is attempting to pursue a personal injury suit for damages under a negligence theory (plaintiff mentions he has been offered a settlement), or whether plaintiff is alleging that defendant Marin was deliberately indifferent to plaintiff's health and safety.  See Brown v. Fortner, 518 F.3d 552 (8th Cir. 2008).[1]

---

[1] In Brown, the Eighth Circuit Court of Appeals addressed an interlocutory appeal of the denial of qualified immunity to defendant correctional officers.  Id.  The court found that evidence that the correctional officers refused to fasten an inmate's seatbelt knowing that he

"The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992). Prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998); Farmer v. Brennan, 511 U.S. 825, 847 (1994). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." Id. at 834. Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837. Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 835. Deliberate indifference is the reckless disregard of a substantial risk of serious harm. See Farmer, 511 U.S. at 836. Mere negligence is insufficient to establish deliberate indifference since "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" Id., 511 U.S. at 835 (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). The defendant's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

////

---

could not do so himself because of his shackles and drove recklessly while ignoring requests to slow down was sufficient for reasonable jury to conclude that officer manifested deliberate indifference for inmate's safety in violation of the Eighth Amendment. Id.

Liberally construed, plaintiff may be able to state a cognizable Eighth Amendment claim as to defendant Marin based on plaintiff's allegation that defendant Marin was driving recklessly, depending on the surrounding facts. See Brown, 518 F.3d at 552. For example, plaintiff mentions he was "unbuckled," but does not address whether he was in restraints or whether there were seatbelts available. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 129 S. Ct. at 1949 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiffs claim. Id. Because plaintiff has failed to comply with the requirements of Fed.

5

R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is hereby informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

////

     b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

    4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action under 42 U.S.C. § 1983.

DATED:  May 29, 2012

                _____
                KENDALL J. NEWMAN
                UNITED STATES MAGISTRATE JUDGE

blev3475.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN BLEVINS,

        Plaintiff,                        No. 2:11-cv-3475 KJN P

    vs.

THE STATE OF CALIFORNIA,             <u>NOTICE OF AMENDMENT</u>
et al.,

        Defendants.
_____/

        Plaintiff hereby submits the following document in compliance with the court's order filed _____:

      _____      Amended Complaint

DATED:

                                      _____
                                      Plaintiff