UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GLENN BLEVINS,

        Plaintiff,

    v.

ROSENDO RAYMOND MARIN, Jr.,
and BRIAN EDWARDS,

        Defendants.

No.  11-cv-03475-KJN P

ORDER

Plaintiff is a state prisoner, proceeding in forma pauperis and without counsel, in this civil rights action filed pursuant 42 U.S.C. § 1983 and the Eighth Amendment.  Presently pending is defendants' motion to compel further discovery.  Plaintiff has not opposed the motion, despite adequate opportunity to do so.  Plaintiff's failure to oppose the motion may be deemed a waiver of any opposition thereto, and warrant the imposition of sanctions.  Local Rule 230(l).  For these reasons, and pursuant to the following findings, defendants' motion is granted, and plaintiff is directed to promptly serve defendants with further discovery responses, without interposing any objections.  In addition, the dispositive motion deadline is extended to January 11, 2014.

I. Background

This action proceeds on plaintiff's First Amended Complaint (ECF No. 5), pursuant to plaintiff's allegations that, on March 11, 2010, defendant correctional officers, while transporting plaintiff in a van, initially failed to secure plaintiff's seatbelt (plaintiff was shackled and unable to

1

1    secure his own seatbelt).  Plaintiff alleges that thereafter, while defendant Edwards slept,

2    defendant Marin drove recklessly, causing the van to flip over.  Plaintiff alleges that he was

3    trapped in the van for over an hour, until emergency personnel could cut open the van and remove

4    plaintiff, then airlifted him to a trauma center for neck and back injuries.

5         After filing their answer, defendants propounded on plaintiff the following discovery:

6    (1) Defendant Edwards' Special Interrogatories, Set One; (2) Defendant Marin's Special

7    Interrogatories, Set One; (3) Defendants' Request for Admissions, Set One; and (4) Defendants'

8    Request for Production of Documents, Set One.  Plaintiff provided unverified responses to both

9    sets of special interrogatories and the request for admissions.  Plaintiff produced documents in

10   response to the request for production, but failed to provide written responses.

11        Prior to filing the instant motion, defendants sought an extension of the discovery

12   deadline.  In granting the request, the court directed defendants to re-serve the disputed discovery

13   requests, and granted plaintiff additional time within which to supplement his responses.  The

14   parties were encouraged to informally resolve their dispute.  (ECF No. 20).  Defendants re-served

15   their request for production of documents with a letter of explanation and a copy of the court's

16   order, and sent plaintiff a meet and confer letter concerning his responses to defendants' special

17   interrogatories and admissions request.  Defendants also extended the deadline for plaintiff's

18   further responses.  However, plaintiff did not respond.

19        Pursuant to the instant motion, defendants seek plaintiff's written response to their

20   production request; further answers, with plaintiff's verified signature, responsive to several of

21   each defendant's special interrogatories, as well as re-service of plaintiff's original answers with

22   his verified signature; and re-service of plaintiff's answers, with his verified signature, to

23   defendants' admissions request.  Review of the subject discovery requests, and plaintiff's initial

24   responses, demonstrates that defendants' motion is well-founded, and that several of plaintiff's

25   responses fall short of the disclosure requirements set forth in the Local Rules, and Federal Rules

26   of Civil Procedure.  "[A]n evasive or incomplete disclosure, answer, or response must be treated

27   as a failure to disclose, answer or respond."  Fed. R. Civ. P. 37(a)(4).  Moreover, all responses to

28   interrogatories and requests for admission must be verified – that is, bear plaintiff's signature

1    attesting under penalty of perjury that his responses are true and correct – in order to be an

2    admissible form at summary judgment or trial.

3         By initiating this action in federal court, plaintiff is required to adhere to all applicable

4    rules.  As all parties were informed when the court ordered service of process of the operative

5    complaint, "[t]he failure of any party to comply with this order, the Federal Rules of Civil

6    Procedure, or the Local Rules of Court, may result in the imposition of sanctions including, but

7    not limited to, dismissal of the action or entry of default.  See Fed. R. Civ. P. 41(b)."  (ECF No. 9

8    at 6.)  See also Local Rule 183 ("All obligations placed on 'counsel' by these Rules apply to

9    individuals appearing in propria persona.  Failure to comply therewith may be ground for

10   dismissal, judgment by default, or any other sanction appropriate under these Rules.").  In the

11   instant case, plaintiff will be sanctioned by precluding him from interposing any objections in his

12   supplemental discovery responses.  However, should plaintiff failed to timely respond to this

13   order, the court may consider more significant sanctions, including the possibility of dismissing

14   this case.

15   II. Discovery Disputes

16        A. Interrogatories

17        A party served with interrogatories is obliged to serve signed answers or objections within

18   30 days. Fed. R. Civ. P. 33(b).  The Federal Rules provide in pertinent part:

19           (3) **Answering Each Interrogatory**. Each interrogatory must, to
20           the extent it is not objected to, be answered separately and fully in
             writing under oath.

21           (4) **Objections.** The grounds for objecting to an interrogatory must
22           be stated with specificity. Any ground not stated in a timely
             objection is waived unless the court, for good cause, excuses the

23           failure.

24           (5) **Signature.** The person who makes the answers must sign them,
             and the attorney who objects must sign any objections.

25   Fed. R. Civ. P. 33(b)(3)-(5).  Because plaintiff is acting as his own attorney, he was required to

26   sign both his answers and objections.

27        Defendants' challenges to plaintiff's answers to interrogatories are well placed.  The

28   disputed answers include the following, or similar sentiments, and hence underscore the propriety

                                              3

1  of defendants' motion:  "Why dont (sic) you figure it out."  "All evidence we all have and my eye

2  witness account."  "Refer to all the paper work and stop being stupid."  Plaintiff is cautioned that

3  his supplemental answers must be responsive, specific and respectful, and that advocacy is, as a

4  general rule, detailed, tedious and often repetitive.

5       Therefore, plaintiff will be required to provide verified supplemental responses to

6  defendants' special interrogatories, with new and complete answers to the following

7  interrogatories, without objections:  Defendant Marin's Special Interrogatories 5, 8, 11, 12 and

8  14; and Defendant Edward's Special Interrogatories 5, 8, 11, and 12.  In addition, plaintiff will be

9  required to re-serve his first set of responses to each defendants' special interrogatories, each with

10  his verified signature attesting to the truth of his original answers that are not subject to

11  supplementation.

12       B.  Admissions Request

13       Defendants move to compel plaintiff to re-serve his answers and objections to their

14  Request for Admissions, with plaintiff's signature attesting to the truth thereof.  Rule 36, Federal

15  Rules of Civil Procedure, provides in pertinent part that "[a] matter is admitted unless, within 30

16  days after being served, the party to whom the request is directed serves on the requesting party a

17  written answer or objection addressed to the matter and signed by the party or its attorney."  Fed.

18  R. Civ. P. 36(a)(3).  Without his signature, plaintiff's answers and objections are untimely.

19       Therefore, plaintiff will be required to re-serve his answers and objections to defendants'

20  Request for Admissions, together with his verified signature attesting to the truth of his answers

21  and objections thereto.

22       C.  Production Request

23       A party served with a request to produce documents pursuant to Rule 34 must, in addition

24  to producing the requested documents, "respond in writing within 30 days of being served."  Fed.

25  R. Civ. P. 34(b)(2)(A).  "For each item or category, the [written] response must either state that

26  inspection and related activities will be permitted as requested or state an objection to the request,

27  including the reasons."  Fed. R. Civ. P. 34(b)(2)(B).  "An objection to part of a request must

28  specify the part and permit inspection of the rest."  Fed. R. Civ. P. 34(b)(2)(C).

4

In the present case, although plaintiff produced documents responsive to defendants' production request (which contains 11 separate requests), he did not provide a written response. Therefore, plaintiff will be required to serve defendants with a written response that includes a separate response to each eleven requests within defendants' Request for Production of Documents.  This response need not be verified.

III. Dispositive Motion Deadline

At the request of defendants, and by order filed September 6, 2013, the dispositive motion deadline in this action was extended to "60 days after the court's ruling on the pending discovery matters."  (ECF No. 23 at 1.)  With the exception of plaintiff's compliance with the instant order compelling further discovery, the deadline for conducting discovery expired on May 31, 2013. (ECF No. 17 at 2.)  Consistent with the timeframe set forth in this court's September 6, 2013 order, subject to plaintiff's compliance with this order, and to provide clarity to all parties, the deadline for filing any dispositive motion is hereby extended to Friday, January 11, 2014.

IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.  Defendants' motion to compel further discovery (ECF No. 20), is granted.

2.  Plaintiff shall, within 21 days after the filing date of this order, serve defendants' counsel with the following:

a.  A verified supplemental response to each defendants' special interrogatories (hence, two verified supplemental responses), with new and complete answers to the following interrogatories, without objection:  Defendant Marin's Special Interrogatories 5, 8, 11, 12 and 14; and Defendant Edward's Special Interrogatories 5, 8, 11, and 12.

b.  Re-service of plaintiff's original responses to each defendants' special interrogatories (hence, two original responses), each with plaintiff's verified signature.

c.  Re-service of plaintiff's original answers and objections to defendants' Request for Admissions, with plaintiff's verified signature.

d.  A written response to defendants' Request for Production of Documents, containing a separate written response to each specific request; this response need not be verified.

1       3.  The dispositive motion deadline is hereby extended to Friday, January 11, 2014.

2       SO ORDERED.

3   Dated:  October 11, 2013

4

5       KENDALL J. NEWMAN
        UNITED STATES MAGISTRATE JUDGE

6   blev3475.disc

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28